HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY A. MYERS,<br><br>    Plaintiff,<br><br>    v.<br><br>FLAGSTAR BANK, FSB, et al.,<br><br>    Defendants. | CASE NO. C15-5067 RBL<br><br>ORDER ON VARIOUS MOTIONS<br><br>[Dkt. #s 14, 15, 18, and 24] |

THIS MATTER is before the Court on the following motions: Defendant FNMA's and Defendant Flagstar's Motion to Dismiss [Dkt. #14]; Defendant MTC's Motion to Dismiss [Dkt. #15]; Plaintiff Myers's Emergency Motion for Court to Order Flagstar to Cease Ongoing Mortgage Payment Demands and Request to File a First Amended Complaint [Dkt. #18]; and Myers's Motion to Stop Mortgage Payment Demands for Discharged Debt [Dkt. #24].

This is the second time Myers has sued Flagstar and MTC for claims arising out of his mortgage, its default, and the subsequent foreclosure. *See Myers v MERS*, Cause No. 11-cv-5582RBL. This Court dismissed the prior action with prejudice, Myers appealed, and the Ninth Circuit affirmed [*See* Dkt. #s 28 and 29 in that case]. During the same period, Myers filed for bankruptcy protection, and ultimately obtained a discharge of his unsecured debt. Defendants

1  argue that Myers's current claims are barred by *res judicata*. And, they argue, even if the claims
2  are not barred, Myers has waived the bulk of them by failing to restrain the foreclosure sale.
3  Defendants also claim that Myers is judicially estopped from asserting his claims because he did
4  not list them as assets in his bankruptcy, and that the claims fail on the merits as a matter of law,
5  in any event. They seek dismissal under Fed. R. Civ. P. 12 (b)(6).

6  Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal
7  theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.*
8  *Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege
9  facts to state a claim for relief that is plausible on its face. *See Aschcroft v. Iqbal*, 129 S. Ct.
10 1937, 1949 (2009). A claim has "facial plausibility" when the party seeking relief "pleads
11 factual content that allows the court to draw the reasonable inference that the defendant is liable
12 for the misconduct alleged." *Id*. Although the Court must accept as true the Complaint's well-
13 pled facts, conclusory allegations of law and unwarranted inferences will not defeat a Rule 12(c)
14 motion. *Vazquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State*
15 *Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds'
16 of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic
17 recitation of the elements of a cause of action will not do. Factual allegations must be enough to
18 raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
19 (2007) (citations and footnotes omitted). This requires a plaintiff to plead "more than an
20 unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 129 S. Ct. at 1949 (citing
21 *Twombly*).

22 On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no
23 request to amend the pleading was made, unless it determines that the pleading could not
24

possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990).  However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend.  *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

The underlying impetus for Myers's *pro se* complaint appears to be that, despite the foreclosure and the discharge, Flagstar continues to send him "mortgage statements" reflecting that he owes the remainder of his mortgage.  Flagstar has not otherwise sought to collect any deficiency, and it seems to concede that Myers does not owe it:

> Undersigned counsel has received confirmation from Flagstar that it will ensure any mail that might be otherwise directed to Plaintiff will not be delivered going forward. But regardless, even if mailings were improper, the Court should deny Plaintiff's request for an injunction because the Bankruptcy Code preempts any state laws addressing Bankruptcy Court proceedings.

[Dkt. #27 at 2].

Nevertheless, Myers has sued for far more than making the mortgage statements stop.  He claims that the foreclosure was wrongful and violated the Deed of Trust Act—the same claim that was asserted and dismissed with prejudice in the 2011 case.  He claims he should have been permitted to modify his loan under the HAMP program—the same claim that was asserted and dismissed with prejudice in the 2011 case.  And he claims that the Note and Deed of Trust were not valid or enforceable—the same claim that was asserted and dismissed with prejudice in the 2011 case.

The doctrine of *res judicata* precludes re-litigation of claims that were raised in a prior action, or which *could have been* raised in a prior action.  *W. Radio Servs. Co.  v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997) (emphasis added).  An action is barred by *res judicata* when an earlier suit:  (1) involved the same claim or cause of action as the later suit; (2) involved the

same parties; and (3) reached a final judgment on the merits. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

The defendants are correct. Myers's claims in this case were raised, or at the very least, could have been raised, in the prior 2011 case. The case involves the same parties and the claims were adjudicated against Myers on the merits. Myers's DTA-, Note-, and HAMP-based claims are barred by *res judicata*, and they are barred by his failure to restrain or enjoin the foreclosure sale. *See* F*rizzell v. Murray,* 179 Wn.2d 301 (2013). These claims are DISMISSED with prejudice.

Myers's CPA claim based on the same conduct is similarly barred, and he is also judicially estopped from asserting it based on his failure to list it as an asset for the benefit of his creditors.    *See Hamilton v State Farm Fire & Cas. Co*., 270 F.3d 778, 782 (9th Cir. 2001). Myers's CPA claims based on pre-discharge acts or omissions are also DISMISSED with prejudice.

Myers's "bad faith," or breach of the duty of good faith and fair dealing, is not based on a contract between the parties (at least not one other than his loan documents, which are barred). It is not a free-floating claim; it must be tethered to some contract term between the parties.  *See Badgett v. Sec. State Bank*, 116 Wn.2d 563, 569 (1991). Myers's claim that Flagstar "violated the CFPB Consent Order" (to which he was not a party) is not actionable as a matter of law. This claim too is DISMISSED with prejudice.

Myers has asked for leave to amend his compliant to address any deficiencies, and he has filed what the Defendants claim is a late and futile amended complaint in an effort to state a claim. The timeliness objection is over-ruled in light of the 12(b((6) standard described above. Myers's amended complaint, however, does not address the deficiencies described in the

Defendants' motions or in this order. It relates almost exclusively to events in the 2007-2011 time frame, and reiterates the note HAMP and Deed of Trust claims dismissed above. Myers concedes that he seeks a "re-do" of the entire mortgage and foreclosure history:

> My ultimate claim, is that when the entire process is reviewed from first contact of the Plaintiff on 9/1/2009 through to the Trustee's Sale in 2014, the Court will find that Flagstar's refusal to meet their legal HAMP obligations was to force the property into the highly profitable foreclosure credit bid. Had Flagstar followed FNMA or HAMP rules fairly and responsible, the Plaintiff could still have his home. Plaintiff did not need to suffer a Chapter 7 Bankruptcy, and two legal actions and severe emotional pain, suffering and distress.

[Amended Complaint, Dkt. #22 at 25] The Amended complaint is deficient and fails to state a claim as a matter of law, and it is DISMISSED. Plaintiff Myers has not and cannot assert a claim against Defendant MCT, or Defendant FNMA (and has not sought to do so). MCT's Motion to Dismiss [Dkt. #15] is GRANTED, and all of Myers's claims against it are DISMISSED with prejudice and without leave to amend. FNMA's Motion to dismiss [Dkt. #14] is GRANTED, and all of Myers's claims against it are DISMISSED with prejudice and without leave to amend.

However, where a pleading deficiency plausibly can, within the context of the existing factual allegations, be cured, the corrective for a defective pleading is amendment, not dismissal. Myers has not yet asserted an actionable claim against Flagstar, but it cannot be said that he cannot possibly do so consistent with the facts alleged. Myers may file a second amended complaint within 21 days of this order, addressing the deficiencies in his claims against Flagstar noted in Flagstar's Motion and in this Order. To be clear, none of Flagstar's acts or omissions

prior to the foreclosure sale are actionable, and any claim or complaint based on those allegations will be promptly dismissed on the court's own motion.

Defendant Flagstar's Motion to Dismiss is GRANTED and Plaintiff Myers's current claims against it are DISMISSED with prejudice. Myers may file a second amended complaint within 21 days of the date of this order addressing the deficiencies in his claim against defendant Flagstar (*only*), as outlined in this order. If he does not, or if the second amended complaint continues to fail to state a claim, the case will be dismissed with prejudice without further notice.

Myers's Motions for emergency, mandatory relief [Dkt. #s 18 and 24] are DENIED.

IT IS SO ORDERED.

Dated this 13th day of August, 2015.

Ronald B. Leighton
United States District Judge